UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | Crim. No. 06-254-02 (GK) |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN FEARS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT BENJAMIN FEARS'S MOTION TO MODIFY HIS CONDITIONS OF
RELEASE AND MEMORANDUM IN SUPPORT THEREOF

Defendant, Benjamin Fears, through undersigned counsel, hereby requests that this Court

modify his current release conditions pursuant to 18 U.S.C. § 3145(b) and order Mr. Fears's

release on personal recognizance or under the heightened supervision program of Pretrial

Services pending his sentencing.

**INTRODUCTION**

On August 2, 2006, Mr. Fears was arrested and charged by criminal complaint for

violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base.  On August

8, 2006, Magistrate Judge Kay held a detention hearing and released Mr. Fears to a halfway

house based on the fact that he had no criminal history and the fact that he was attending classes

at Anacostia High School.  Mr. Fears has been residing at Hope Village since that date.

On August 31, 2006, Mr. Fears was indicted on one count only of Simple Possession of a

Controlled Substance, in violation of 21 U.S.C. § 844(a).  Mr. Fears pled guilty to this count on

October 19, 2006, and he is scheduled to be sentenced on January 12, 2007.  At the time of his

guilty plea, Mr. Fears requested that the Court modify his conditions of release to allow him to

reside with his grandmother, who has a home telephone line, on personal recognizance or

heightened supervision.  The Court denied his motion due to a lack of information on the record

as to his current release status.[1]


**ARGUMENT**

Title 18 U.S.C. § 3142(b) mandates pretrial release on personal recognizance or an

unsecured appearance bond <u>unless</u> the court determines that such release will not reasonably

assure the person's appearance or will endanger the safety of any other person or the community.

Considering the factors set forth in 18 U.S.C. § 3142(g), detention is not appropriate in this case.

To begin with, Mr. Fears is not charged with a crime of violence.  <u>See</u> 18 U.S.C. § 3142(g)(1).

Though he is charged with a narcotics offense, he was charged only with simple possession,

which is a less serious offense that possession with intent to distribute and does not carry any

mandatory minimum sentence.  With respect to Mr. Fears's history and characteristics, 18 U.S.C.

§ 3142(g)(3), this is the first encounter Mr. Fears has ever had with the law.  He has no criminal

history whatsoever, not even a juvenile record.  He has never missed a court appearance and he

has been extremely diligent about being in touch with undersigned counsel regarding his case.  In

addition, Mr. Fears's entire family and social network are in Washington, D.C.; he has lived here

his entire life.  The risk of flight in this case is essentially nonexistent.  Because of the nature of

---

[1]      On October 26, undersigned counsel contacted pretrial services officer Tammy
Everett to inquire as to whether pretrial services had been in touch with Hope Village about Mr.
Fears's compliance with his conditions.  Ms. Everett informed counsel that PTS had not
contacted Hope Village and did not intend to do so because they had not received notification of
any court dates.  Undersigned counsel does not know why they failed to receive notification.

the offense, Mr. Fears's low flight risk and his clean record, releasing him from the halfway

house would also not pose a danger to the community.  18 U.S.C. § 3142(g)(4).

In addition, Mr. Fears is a senior at Anacostia High School and attends classes daily.

Exhibit 1.  He has only missed four days of class this semester.[2]  Exhibit 2.  The Court has

impressed upon Mr. Fears the importance of completing high school, and Mr. Fears is dedicated

to complying with the Court's wishes, but it is more difficult to do so when he is living away

from home.

It is also important to note that Mr. Fears's advisory guideline sentence in this case is 0-6

months.  The offense to which he pled guilty is in Zone A of the advisory sentencing guidelines,

which means he is also eligible for probation.  Mr. Fears was locked up on August 2, 2006.  His

sentencing is set for January 12, 2007.  On the date of the filing of this motion, he will have been

in custody for over three months, half of his advisory guideline sentence.  By the time sentencing

occurs, Mr. Fears will have been in the halfway house for over five months, almost the maximum

sentence under the advisory guidelines.

With respect to Mr. Fears's compliance with his conditions at the halfway house,

undersigned counsel spoke with Mr. Fears's case manager, Leslye Williams, on October 26.  She

relayed that Mr. Fears has received only three "write-ups" in three monthsne for not making his

bed in time, one for not getting out of bed in time, and one for suspected alcohol use.  These

---

[2]    Mr. Fears submits that upon occasion the halfway house is on lockdown and does
not allow him to leave, which accounts for two of his absences.  One of the absences is due to his
failure to bring his ID to school on that day, and the last is due to his mistaken belief that he had
to be in court on October 17 for his co-defendant's motion hearing.  Undersigned counsel
attempted to speak with somebody at Hope Village to verify when they were on lockdown but
her phone calls were not returned.

infractions were dealt with internally and Mr. Fears successfully completed his punishments.

These minor digressions in no way indicate that Mr. Fears is dangerous.

In conclusion, there are no facts before this Court to suggest that Mr. Fears will not appear at future court hearings or that he poses a threat to the community.  He has never failed to appear for a hearing before.  He has been going to school as the Court instructed him to do. Additionally, this is not a crime of violence and Mr. Fears has no history of dangerousness to the community.  Mr. Fears has a place to stay with his grandmother, Fleata Wilson, who has agreed that he may reside with her.  Ms. Wilson has a telephone line that may be used for home monitoring.

For the above reasons and any others the Court deems appropriate, Mr. Fears respectfully requests that the Court amend the detention order holding him at a halfway house and modify his conditions of release so that he can be released to the heightened supervision program or on his own recognizance to reside at 1951 T Place, S.E., Washington, D.C., 20020, phone number (202) 610-9835.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____"/s/"_____

Rita Bosworth
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500