UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL No.: 06-254 (GK)** |
| | ) | |
| v. | ) | |
| | ) | |
| **BENJAMIN FEARS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO MODIFY HIS CONDITIONS OF RELEASE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its response to defendant Benjamin Fears's motion to modify his conditions of release. For the reasons stated below, the government opposes any modification of the defendant's current release conditions.

### PROCEDURAL BACKGROUND

1. On August 2, 2006, defendant Benjamin Fears was arrested and later charged by criminal complaint with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On August 8, 2006, Magistrate Judge Kay held a detention hearing and released the defendant to a halfway house pending trial.

2. On August 31, 2006, the defendant was indicted on one count of simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a). On October 19, 2006, the defendant pled guilty to this offense. The Court scheduled his sentencing for January 7, 2006.

3. At the time the defendant pled guilty to the above offense, counsel for the defendant

requested that the Court modify his conditions of release such that he be placed in HISP or on personal recognizance, pending his sentencing. At that time, the government objected to any modification of defendant's conditions of release, in particular, because the defendant failed to provide any information to the Court regarding the defendant's compliance with his current release status. The Court denied the oral defendant's motion and, shortly thereafter, the defendant filed its written motion to modify conditions of release.

## ARGUMENT

4.  The government adamantly opposes the defendant's motion to modify his current conditions of release in this case, that is, his halfway house placement, for several reasons. First, the facts and circumstances surrounding this case strongly suggest that the defendant is a danger to the community, by virtue of the quantity of cocaine base found in his possession at the time of his arrest, as well as the fact that, within close proximity of the defendant inside the vehicle in which he was arrested, police found a loaded handgun, a much larger quantity of cocaine base (approximately 125 grams), and a significant amount of heroin (approximately 193 small ziplocks).[1]

5.  Second, the defendant has acknowledged that he has received three infractions during his halfway house placement, including one infraction for the prohibited use of alcohol, and two infractions for his refusal to comply with halfway house rules. See Defendant's Motion to Modify Conditions of Release, at 3 (hereinafter, "Defendant's Motion").

6.  Third, although the defendant had been ordered by this Court to attend classes daily at Anacostia High School as a condition of his release, he has missed four days of school, without

---

[1] Although the government acknowledges that the defendant was not indicted on any offense arising out of these particular facts, this is due to the government's declination at this time not to bring such charges against him.

any plausible reasons for doing so. See Defendant's Motion, at 3. For instance, the defendant claims that he missed school on one occasion as a result of his "mistaken belief that he had to be in court on October 17 for his co-defendant's motion hearing" (see Defendant's Motion, at fn.2), but, according to Pretrial Services Agency case manager Alicia Glover, defendant actually signed out of the halfway house on October 17, 2006, in order to attend school. Further, while the defendant asserts that he went to court that day, there is no proof that he ever actually appeared in court. For example, there is no indication that the defendant ever reported to the courtroom clerk upon entering the courtroom.[2] Indeed, the defendant has failed to provide the names of anyone who could confirm that he actually showed up for court on October 17, 2006. Thus, it is clear that the defendant's assertion that he did not go to class on that day because he believed he was need in court is false.

7.   The defendant also claims that he missed school on two other occasions because the halfway house was on lockdown. However, no halfway house official has confirmed that the defendant was unable to attend school for this reason. Defendant also claims that he missed school on one other occasion because he forgot his school identification. Yet, he fails to explain why he could not have simply returned to the halfway house, retrieved his school identification, and returned to school.

---

[2]   Nor did the undersigned government counsel observe the defendant in the courtroom, either prior to, during the course of, or after co-defendant Michael Scott's motion to suppress hearing. Indeed, given that the Court had imposed a rule on potential witnesses in the case that day, the undersigned government counsel thoroughly surveyed the courtroom in order to assure that there was no one in the courtroom, at any point in time, who might violate the rule on witnesses. Contrary to the defendant's assertion, the defendant did not appear in court on October 17.

8. Overall, the defendant has demonstrated a failure and refusal to comply with both the rules of the halfway house in which he is currently placed, and the Court's instruction for him to attend school regularly. Further, the dubious circumstances surrounding his failure to attend school on several occasions indicate a willingness, and a likelihood, that the defendant will not comply with any conditions of release that the Court might impose should it reduce the restrictions that are currently in place.[3] Consequently, the defendant's motion should be denied, and the defendant's current status in a halfway house should remain intact pending his sentencing.

WHEREFORE, the government respectfully requests that the defendant's motion to modify his conditions of release be denied and the defendant remain in a halfway house pending trial.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: _____"/s/"_____
Donnell W. Turner
Assistant United States Attorney
Maryland Bar
United States Attorney's Office
555 Fourth Street, N.W., Room 4235
Washington, D.C. 20530
(202) 305-1419

---

[3] Indeed, the Court should consider placing greater restrictions on the defendant in order to ensure that he will abide by the conditions of release during the pendency of defendant's sentencing.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL No.:  06-254 (GK)** |
| | ) | |
| v. | ) | |
| | ) | |
| **BENJAMIN FEARS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Upon consideration of the defendant's Motion to Modify His Conditions of Release and the Government's Opposition thereto, it is this _____ day of _____, 2006, hereby

**ORDERED** that the defendant's Motion to Modify His Conditions of Release be and the same is **DENIED.**

_____
GLADYS KESSLER
United States District Judge

Copies to:
AUSA Donnell W. Turner
Rita Bosworth, Esq.